**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1374-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TERESA VERBOUT,
a/k/a TERESA HABASH,
and TERESA SLEEIS,

     Defendant-Appellant.

_____

     Submitted February 1, 2021 – Decided June 15, 2021

     Before Judges Suter and Smith.

     On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 16-05-0220.

     Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

     Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Teresa Verbout appeals from an order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons set forth below.

I.

On December 8, 2015, defendant consumed alcohol at an office party. After the party, she drove to a bar in Denville. While there, defendant purchased and consumed more alcohol. Defendant went to two more bars, one in Denville and one in Jefferson, and again consumed alcohol. Finally, defendant stopped at a QuickChek convenience store in Jefferson, located in the mid-plaza between the northbound and southbound lanes of Route 15.

When defendant exited the QuickChek in her motor vehicle, she turned onto Route 15 going the wrong way, driving northbound in the southbound lanes of travel. Defendant drove approximately five miles in the wrong direction, at a speed of between sixty-one and seventy-eight miles per hour. Investigation later revealed defendant was impaired by alcohol and had a blood alcohol content of .179 % while operating her motor vehicle. While driving impaired in the wrong direction on Route 15, defendant struck the vehicle of Robert J. Hunter, III, killing him instantly.

A-1374-19

An investigation revealed no signs of skid marks or deceleration anywhere on the roadway before or after impact of the two vehicles. In her statement to police, defendant admitted that she became aware she was driving in the wrong direction on Route 15 after approximately three minutes. Defendant continued to do so, however, because she "figured that no one would be driving in the fast lane."

On May 26, 2016, a grand jury indicted defendant for first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and second-degree vehicular homicide, N.J.S.A. 2C:11-5. On November 27, 2017, while represented by counsel,[1] defendant pled guilty to aggravated manslaughter. Defendant also pled guilty to driving while intoxicated, 39:4-50. As part of the negotiated plea agreement, the State agreed to recommend defendant be sentenced on the indictable charge to twelve years' incarceration subject to the No Early Release Act (NERA),[2] and that she also be subject to a ten-year step-down and be sentenced as a first offender on the DWI charge. Additionally, the State agreed to dismiss the remaining count of the indictment and nine motor vehicle tickets.

---

[1] Unfortunately, defendant's counsel at her plea and sentencing, Daniel A. Colfax, passed away in August 2019.

[2] N.J.S.A. 2C:43-7.2

For her part of the agreement, defendant reserved the right to argue for sentencing in the second-degree range. On February 23, 2018, defendant was sentenced by Judge William J. McGovern, III.

Before sentencing, trial counsel submitted a brief in support of defendant's position in favor of a sentence in the second-degree range. At sentencing, the judge heard from friends and family members of both defendant and the victim. The sentencing judge rejected defendant's request to be sentenced in the second-degree range and imposed the twelve-year sentence. All other charges were dismissed. Defendant's sentence was affirmed on direct appeal on September 25, 2018.[3]

On December 10, 2018, defendant filed her PCR petition. Oral argument was heard before Judge N. Peter Conforti on September 26, 2019. Judge Conforti denied defendant's PCR petition without an evidentiary hearing. Defendant argues she was entitled to an evidentiary hearing and that she received ineffective assistance of counsel because her attorney failed to advocate adequately for a reduced sentence.

---

[3] State v. Verbout, No. A-003325-17 (App. Div. Sept. 25, 2018).

A-1374-19

We analyze ineffective assistance of counsel claims by using the two-prong test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 694 (1984). See State v. Preciose, 129 N.J. 451, 463-64 (1992). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong . . . is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Further, because prejudice is not presumed, defendant must demonstrate how specific errors of counsel undermined the reliability of the proceeding. State v. Fritz, 105 N.J. 42, 61 (2004).

We defer to a trial court's factual findings made after an evidentiary hearing on a petition for PCR. State v. Nash, 212 N.J. 518, 540 (2013). "However, where the court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn

from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). When a PCR court does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting Harris, 181 N.J. at 421).

On appeal, defendant contends her trial counsel failed to argue on the record for mitigating factors N.J.S.A. 2C:44-1(b)(4), "substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense"; and N.J.S.A. 2C:44-1(b)(9), "[t]he character and attitude of the defendant indicate that the defendant is unlikely to commit another offense"; and N.J.S.A. 2C:44-1(b)(11), "the imprisonment of the defendant would entail excessive hardship to the defendant's dependents." Defendant also alleges her trial counsel failed to argue for consideration of defendant's remorse as a non-statutory mitigating factor at sentencing. While not argued by her PCR counsel on appeal, defendant alleged in her PCR certification that her guilty plea was not knowing, voluntary, and intelligent because she was not aware of the elements of first-degree aggravated manslaughter before she pled guilty. She

argues that her PCR claim is dependent on facts outside the record which create the need for an evidentiary hearing.

We disagree with defendant's arguments. Before the sentencing judge, defendant recounted the various life challenges and setbacks which she argued contributed to the fatal Route 15 car accident. She accepted responsibility for her actions and apologized to the victim's family. She showed remorse in open court in the presence of the judge, counsel, and the victim's family. At sentencing, trial counsel linked defendant's history to the mitigating factors. He did not specifically reference individual factors in his argument, but repeatedly referenced their inclusion in his sentencing memo. Finally, he argued for imposition of a sentence in the second-degree range based on defendant's personal history, including but not limited to her lack of criminal history and her psychological background, as well as the mitigating factor arguments in his written submission.

Our review of the record as well as Judge Conforti's thorough and cogent oral opinion lead us to conclude defendant has not shown her trial counsel's performance to be ineffective under Strickland. Judge Conforti reviewed trial counsel's sentencing memo as well as the entire sentencing record. We agree with Judge Conforti and reject defendant's argument that "a defense attorney

A-1374-19

must use magic words" to address each mitigating factor by name. See Blake, 444 N.J. Super. at 299. Trial counsel's written submission and argument before the sentencing judge articulated facts and law in the record sufficient "to fulfill his obligation to provide effective assistance to . . . [his] client." Ibid. As to defendant's guilty plea argument, we note the record shows a painstaking and thorough colloquy between her, her counsel, and Judge McGovern where defendant did in fact knowingly, voluntarily, and intelligently waive her right to a jury trial at the time she pled guilty to aggravated manslaughter.

In all, we find defendant failed to overcome the "strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 689. Defendant offered no specific facts to "demonstrate how specific errors of counsel undermined the reliability of the proceeding." Fritz, 105 N.J. at 61.

Any argument not addressed here lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1374-19